**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| COUNTRY LIFE INSURANCE COMPANY, an Illinois Corporation, COUNTRY INVESTORS LIFE ASSURANCE COMPANY, and COUNTRY MUTUAL INSURANCE COMPANY, an Illinois Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ST. PAUL SURPLUS LINES INSURANCE COMPANY, AGRICULTURAL EXCESS AND SURPLUS INSURANCE COMPANY, n/k/a GREAT AMERICAN E&S INSURANCE COMPANY, and FEDERAL INSURANCE COMPANY, <br><br> Defendants. | Case No. 03-1224 |

# O R D E R

This matter is now before the Court on St. Paul's Motion to Strike Plaintiff's Jury Demand as to Count V (Bad Faith).  For the reasons set forth below, St. Paul's Motion to Strike [#125] is GRANTED.

**DISCUSSION**

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon an appropriate motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Here, St. Paul has moved to strike Country's jury demand with respect to its bad faith failure to pay claim under 215

ILCS 5/155. In support of this Motion, St. Paul argues that there is no appropriate role for the jury in evaluating such a claim, as only the Court can make such a determination. St. Paul cites Horning Wire Corp. v. Home Indemnity Company, 8 F.3d 587, 590 (7th Cir. 1993), for the proposition that although the question of whether an insurer's conduct was vexatious and unreasonable is a question of fact, the plain language of the statute indicates that the determination of that question must be made by the court. Thus, an insured is "not entitled to have a jury decide whether it is entitled to attorney's fees under the Illinois code." Id.

Country responds that bad faith claims are properly tried by juries under Illinois law, citing Boyd v. United Farm Mutual Reinsurance Co., 231 Ill.App.3d 992, 998-99, 596 N.E.2d 1344 (5th Dist. 1992), and Rosenburg v. Lincoln American Life Insurance Co., 883 F.3d 1328, 1335 (7th Cir. 1989). However, both of these cases resulted in substantially more limited holdings than acknowledged by Country. In Boyd, the state appellate court recognized that the question of vexatious and unreasonable action or delay is a factual issue and found no abuse of discretion in allowing the jury to make the factual determination of vexatious and unreasonable behavior where the court then relied on the jury's finding in awarding fees and costs pursuant to § 155. 231 Ill.App.3d at 999-1000. Similarly, in Rosenburg, the Seventh Circuit found a jury's conclusion that the insurer engaged in unreasonable and vexatious conduct to have been supported by substantial evidence and that the district court's award of fees and costs was not an abuse of discretion. 883 F.2d at 1335. Thus, in both cases, it was the court that ultimately made the decision as to whether to award fees and other damages under § 155, and the jury merely

provided a threshold finding as to whether the actions of the insurer had amounted to unreasonable and vexatious conduct.

The Court notes that both of the decisions relied on by Country predate the Seventh Circuit's decision in Horning Wire.  The parties have not cited, and the Court is not otherwise aware of, any more recent cases where the question of unreasonable and vexatious conduct has been determined by a jury.  In fact, the cases appear to indicate a contrary practice.  See Commonwealth Insurance Co. v. Stone Container Corp., 2004 WL 812996, at *5 (N.D.Ill. Apr. 13, 2004); Brennan v. Paul Revere Life Insurance Co., 2002 WL 1284385, at *9 (N.D.Ill. June 10, 2002); Bernstein v. Genesis Insurance Co., 90 F.Supp.2d 932, 940 (N.D.Ill. 2000).  The Court further notes that while it may not have been an abuse of discretion to allow a jury to answer a special interrogatory on a threshold question of fact, this does not mean that a court is required to do so, particularly where the procedure would result in the presentation of potentially prejudicial evidence to the jury that would not otherwise be presented.

It is well-established that it is the court that must make the ultimate determination as to whether or not a party is entitled to attorney's fees and penalties where an insurance company's delay was vexatious and unreasonable.  See Horning Wire, 8 F.3d at 590.  St. Paul's Motion to Strike Plaintiff's Jury Demand as to Count V (Bad Faith) is therefore granted, in that the question of whether Country is entitled to fees and damages under § 155 will be reserved for the Court.

**CONCLUSION**

For the reasons set forth above, St. Paul's Motion to Strike Plaintiff's jury demand with respect to Count V of the Complaint [#125] is GRANTED.

ENTERED this 12th day of October, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
