**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| COUNTRY LIFE INSURANCE COMPANY, ) <br> an Illinois corporation, COUNTRY ) <br> INVESTORS LIFE ASSURANCE COMPANY, ) <br> and COUNTRY MUTUAL INSURANCE ) <br> COMPANY, an Illinois corporation, ) <br>    ) <br>         Plaintiffs, ) <br>    ) <br>    v.    ) <br>    ) <br> ST. PAUL SURPLUS LINES INSURANCE ) <br> COMPANY, AGRICULTURAL EXCESS AND ) <br> SURPLUS INSURANCE COMPANY, n/k/a ) <br> GREAT AMERICAN E&S INSURANCE ) <br> COMPANY, and FEDERAL INSURANCE ) <br> COMPANY, ) <br>    ) <br>         Defendants. ) | Case No. 03-1224 |

## O R D E R

This matter is now before the Court on Defendant Agricultural Excess and Surplus Lines Insurance Company's ("AESIC") Motion for Sanctions and Motion for Summary Judgment. For the reasons set forth below, the Motion for Sanctions [#137] is GRANTED IN PART and DENIED IN PART. As a result, AESIC's Motion for Summary Judgment [#132] is MOOT.

**BACKGROUND**

Plaintiffs Country Life Insurance Company, Country Investors Life Assurance Company, and Country Mutual Insurance Company (collectively referred to as "Country") are insurance companies headquartered in Bloomington, Illinois. From 1996 to 1999,

Country purchased Insurance Company Professional Liability Coverage from three insurers, namely Defendants St. Paul, Federal Insurance Company ("Federal"), and AESIC.

From August 20, 1996, through and including August 20, 1999, Country was insured under AESIC's policy number ICL2067727 with a $10,000,000 aggregate limit for the three-year policy term excess of a $1,000,000 self-insured retention per claim. During the same period, Country purchased a policy from St. Paul with a $10,000,000 aggregate excess of $10 million excess of $1,000,000 self-insured retention for the policy period under policy number SIO5500276. Country also purchased a policy from Federal for $10,000,000 aggregate per policy year excess of $20,000,000 for the policy period excess of $1,000,000 self-insured retention per claim under policy number 7022-84-97. Both the St. Paul and Federal policies follow the form of the AESIC policy.

On February 9, 1998, a class action complaint captioned Duckworth v. Country Life Insurance Company, Case No. 98-1046 was filed in the Circuit Court of Cook County, Illinois, alleging that Country's agents had made misleading representations to the insured to the effect that accumulated interest/dividends would be sufficient to enable the premiums on their life insurance policies to "disappear" after a number of years. Defendants were notified of this suit on February 24, 1998.

On May 18, 1998, a second class action complaint with similar allegations based on "disappearing" or "vanishing" premiums was filed against Country. Lopez v. Country Life Insurance Company, Case No. 98-1153, was filed in this Court. Again, each of the Defendants acknowledged receiving notice of this suit.

On December 8, 1998, Country received another complaint captioned <u>Reyes v. Country Life Insurance Company</u>. The <u>Reyes</u> case was filed in the Cook County Circuit Court on November 25, 1998. Each of the Defendants received notice of the <u>Reyes</u> complaint and advised Country that the three lawsuits would be consolidated and addressed jointly in future communications.

The <u>Duckworth</u> and <u>Reyes</u> cases were consolidated in the Cook County Circuit Court, and the parties began to explore the possibility of settlement. The Defendants were informed of the settlement negotiations, and each insurer was asked to and provided an opportunity to consent to the settlement proposal in principle. On March 30, 2000, Country entered into a Stipulation of Settlement which addressed the claims asserted in the three cases and provided for the dismissal of the <u>Lopez</u> case with prejudice. The settlement applied to a class of persons who "have or had an ownership interest in one or more whole life and universal life insurance policies issued by Country Life in the United States from January 1, 1982 through May 31, 1998" and included the release of all claims pertaining to Country's insurance sales practices.

On January 8, 1996, a complaint captioned <u>Strozda v. Almy</u>, Case No. 96 L 222, was filed in the Circuit Court of Cook County. The complaint was amended to name Country as a defendant on July 11, 1997, and alleged that Country was liable for burn injuries suffered by the plaintiffs in a methane gas explosion. The methane gas was generated by an accumulation of manure in the barn where plaintiffs were working and was ignited by the pilot light of an L.B. White heater. According to the complaint, an employee of Country, which was the property insurer of the barn where the explosion occurred, informed the insureds that the L.B. White heater was less likely to start a fire than other

types of heaters and that if they chose to install another brand of heater, their annual premiums would be $1,500 higher. In February 1999, on the eve of trial, Country settled the Almy litigation. Country alleges that in mid-1999, when it became aware that the Almy claim might exhaust the limits of the AESIC policy, it gave immediate notice to St. Paul.

Country submitted documentation to St. Paul advising that AESIC had paid the policy limits for the cost of the litigation and settlement of the vanishing premium litigation, informing St. Paul of costs exceeding the coverage under the AESIC policy, and requesting reimbursement of over $3.2 million under the first layer of excess coverage under the St. Paul policy. St. Paul has refused to reimburse Country as requested based on its assertion that the vanishing premium litigation and settlement is not covered by its policy. Country's request for reimbursement in connection with the Almy litigation and settlement has been similarly denied.

On July 9, 2003, Country brought this suit against St. Paul, Federal, and AESIC. Country seeks damages for breach of contract against St. Paul, as well as a declaration that St. Paul and Federal are obligated to reimburse Country for the losses it suffered in connection with the vanishing premium and Almy litigation and settlements. No relief was sought from AESIC, and AESIC was voluntarily dismissed by Country on October 20, 2005. St. Paul filed a cross-claim against AESIC, which remains pending. AESIC has moved for sanctions against St. Paul for failure to voluntarily dismiss its cross-claim against AESIC. This Order follows.

## DISCUSSION

Rule 11 of the Federal Rules of Civil Procedure provides:

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the

>court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed. R. Civ. P. 11(c). As no relief has ever been sought from AESIC in the present litigation, AESIC argues that St. Paul's refusal to dismiss its cross-claim warrants the imposition of Rule 11 sanctions.

The Court held a telephonic hearing on the Motion for Sanctions and sought clarification from St. Paul as to why AESIC should remain in the case. During that hearing, St. Paul acknowledged that Country had since dismissed AESIC as a party defendant, and that AESIC remained in the case simply to preserve its argument on the policy limits issue. St. Paul further conceded that at this point in the litigation, its policy limits argument is moot.

St. Paul has effectively conceded that there is no valid reason why its cross-claim against AESIC should remain in this case. The Court agrees, particularly given the clear indication in Rhone-Poulenc v. International, 71 F.3d 1299, 1302 (7th Cir. 1996), that a suit against an excess insurer can proceed in the absence of the primary insurer if the primary insurer has acknowledged their liability to the insured. Yet St. Paul has inexplicably refused to voluntarily dismiss AESIC from this litigation. The Court therefore finds that St. Paul's continued claims against AESIC are no longer warranted by existing law, a nonfrivolous argument for the extension or modification of existing law, or the establishment of new law. Accordingly, the Court finds that St. Paul's cross-claim against AESIC shall be dismissed with prejudice, and St. Paul shall reimburse AESIC for the attorney's fees reasonably incurred in bringing its Motion for Summary Judgment.

**CONCLUSION**

For the reasons set forth herein, AESIC's Motion for Sanctions [#137] is GRANTED IN PART and DENIED IN PART.  The Motion is granted in that the cross-claim against AESIC is DISMISSED, and St. Paul is ordered to reimburse AESIC for the attorney's fees reasonably incurred in bringing its Motion for Summary Judgment.  As a result, AESIC's Motion for Summary Judgment [#132] is now MOOT.

ENTERED this 15th day of February, 2006.

        s/ Michael M. Mihm
        Michael M. Mihm
        United States District Judge